# Richmond

FLOYD MILTON LAWRENCE v. COMMONWEALTH OF VIRGINIA, EX REL. C. F. JOYNER, JR., COMMISSIONER, ETC.

May 1, 1950.

Record No. 3681.

Present, All the Justices.

The opinion states the case.

*Arthur J. McCrary,* for the appellant.

*J. Lindsay Almond, Jr., Attorney General,* and *D. Gardiner Tyler, Jr., Assistant Attorney General,* for the Commonwealth.

STAPLES, J., delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Fairfax county dismissing the appellant's petition for a review of an act of the Commissioner of Motor Vehicles revoking the appellant's license to operate a motor vehicle upon the State highways. The petition was dismissed on the ground that it was not filed within the time required by the statute.

It appears from exhibits filed in the circuit court with the petition for review that the appellant received an official notice dated August 23, 1949, whereby he was notified of the revocation of his operator's license because of convictions of reckless driving as follows:

"June 8, 1945, in the Police Court of the Town of Herndon, Virginia.

"July 3, 1945, in the Trial Justice Court of Fairfax County, Virginia.

"February 11, 1946, in the Police Court of the Town of Herndon, Virginia."

Chapter 384 of the Acts of 1944, as amended (Code 1950,

section 46-416), imposes upon the Commissioner of Motor Vehicles the mandatory duty to revoke the operator's license of any person upon receiving a record of his conviction of "Two charges of reckless driving, or forfeiture of bail upon two charges of reckless driving, when the offenses upon which they are based were committed within a period of twelve consecutive months; * * * ."

Section 21 of the Virginia Motor Vehicle Safety Responsibility Act (Acts 1948, page 941, section 46-424 of the 1950 Code) provides as follows:

"Any person aggrieved by *an order or act of the Commissioner requiring a suspension or revocation of his license* or registration under the provisions of this chapter, may, *within thirty days from the date of such order or act,* file a petition in any court having criminal jurisdiction in the city, or county in which the petitioner resides for a review, but the commencement of such proceeding shall not suspend the order or act unless for good cause shown, a stay be allowed by the court pending final determination of the review." (Emphasis supplied).

"No review shall lie in any case in which the revocation of the license or registration was mandatory except to determine the identity of the person concerned when the question of identity is in dispute.

"From the final judgment of any such court, either the person who petitioned the court for a review or the Commissioner shall have an appeal as of right to the Supreme Court of Appeals of Virginia."

Appellant admits that he did not file in the circuit court his petition for review of the Commissioner's action until October 18, 1949, which was not within thirty days from August 23, 1949, the date of the action of the Commissioner "requiring a suspension or revocation of his license." He contends, however, that the act of the Commissioner within the meaning of the statute was not the act of revoking his operator's license, but the act of the inspector or enforcement officer of the Division of Motor Vehicles in taking

possession of the license. The appellant's petition filed in the circuit court contains the following allegations:

"By an undated letter, attached and marked as Exhibit B, received in September, 1949, from Inspector H. L. Hinton, of said Division, petitioner was given the following notice:

" 'Floyd Milton Lawrence,

" 'As yet you have not turned in your operator's license and tags, so therefore I am giving you until Saturday to send these items to me, if not received by then it will be necessary that we take legal action to make you turn them in.

" 'As soon as insurance is received we will return them to you. Please do not delay in sending me these items.

" 'INSPECTOR H. L. HINTON,
" '410 N. East St.
" 'Culpeper, Va.
" 'Phone Culpeper 8530.'

"Petitioner by letter dated September 28, 1949, transmitted his current automobile policy numbered 9585113, 10-20 public liability, to Inspector H. L. Hinton, 410 N. East Street, Culpeper, Virginia. Under date of October 3, 1949, said inspector penned at bottom of said letter, attached and marked Exhibit C, the following:

" 'Returning Policy
" 'Oct. 3, 1949

" 'This Policy does not mean anything. What we have to have is a SR-22 filed by the Insurance Co. As yet they have not filed and so until you can get them to file you will have to send me your oper. Lic. and tags.

" 'Please help me straighten this thing out at once by sending me your items. As it stands now you can not operate and can not so same until this SR-22 is filed with the Division of Motor Vehicles.

" 'H. L. HINTON
" '410 N. East St.
" 'Culpeper, Va.'

"On October 11, 1949, petitioner personally carried the filled in form SR-22, from the insurance company, to said

inspector Hinton at the Arlington State Motor Vehicle registration office, Arlington County, Virginia, and gave it to said inspector there. Inspector Hinton asked petitioner if he had his operator's license with him and requested that he be permitted to inspect it, to which request petitioner complied. Thereupon said inspector, after obtaining it in this manner, stated he was sending it to Richmond to be held for the balance of the revocation period and that it would be returned at the expiration of said period to petitioner. Evidence of said SR-22 is attached and marked Exhibit D."

The contention of the appellant is that the above acts of the enforcement officer constituted the "act of the Commissioner requiring a suspension or revocation of his license," within the meaning of the statute, and that, since his petition was filed within thirty days after such acts of the inspector, the requirement of the statute was satisfied.

The contention is without merit. The act of the enforcement officer in taking possession of the appellant's operator's license was not an act of the Commissioner within the meaning of the statute. Immediately upon receipt of the notice of August 23, informing the appellant of the revocation of his license, it became his duty to surrender possession of it and its wilful retention by him thereafter was in violation of section 46-395 of the Code, which reads as follows:

"Revoked licenses, etc., to be returned.—Any person whose operator's or chauffeur's license or registration certificate or registration plates have been suspended or revoked as provided in this chapter and have not been reinstated shall immediately return every such license, registration certificate, and set of registration plates held by him to the Commissioner. Any person wilfully failing to comply with this requirement is guilty of a misdemeanor.

"The Commissioner is authorized to take possession of any license, registration certificate or set of registration plates upon their suspension or revocation under the provisions of

this chapter or to direct any police officer to take possession of and return them to the office of the Commissioner."

■ The furnishing by the appellant of the insurance policy SR-22 was not entirely fruitless. It entitled him to have the license plates for his automobile returned to him so that it could be operated by other qualified persons.

The petition of appellant filed in the circuit court also raised other questions. It challenged the constitutionality of Code section 46-416, because it required the Commissioner of Motor Vehicles to revoke his license because of his previous convictions without affording him an opportunity to be heard. This, he asserted, denied him due process of law. Appellant also claims that, since the convictions of reckless driving which caused the revocation of his license were committed about four years prior to the actual revocation by the Commissioner, such action was barred by the statute of limitations.

It is clear, however, that the petition for review of the Commissioner's action was not filed within the time necessary to confer upon the circuit court jurisdiction to entertain these questions. It follows that we are without jurisdiction to consider them on this appeal.

The order of the circuit court dismissing the appellant's petition for review must be affirmed.

*Affirmed.*